The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.




Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) CHAPTER 13 |
| DARRYLE DWAINE WOODSON & | ) |
| | ) CASE NO. 08-62409 |
| MELODY LYNN WOODSON, | ) |
| | ) JUDGE RUSS KENDIG |
| | ) |
| Debtors. | ) **MEMORANDUM OF OPINION** |
| | ) **(NOT FOR PUBLICATION)** |
| | ) |

On April 27, 2010, chapter 13 trustee Toby L. Rosen ("trustee") filed a modification of debtors' chapter 13 plan. A hearing on the modification was held on January 26, 2011. Edwin H. Breyfogle represented the debtors and Toby L. Rosen represented herself. The parties filed briefs prior to the hearing. At the hearing, the parties agreed that debtors would file an amended schedule I and J and that the trustee would file a supplemental brief. The court would then decide the matter without further notice or hearing. The parties have made their filings and the trustee's modification is now before the court.

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the general order of reference entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (L) and (O).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

Debtor Darryle Dwaine Woodson ("Mr. Woodson") works as a supervisor at Ohio Gratings. Debtor Melody Lynn Woodson ("Mrs. Woodson") works as a librarian at Perry Local Schools. As of July 18, 2008, the filing date of debtors' chapter 13 bankruptcy petition, Mrs. Woodson had a second job with Marc Glassman, Inc. However, the parties stipulate that she has since quit her second job. It is undisputed that debtors earn above-median income.

On February 19, 2009, the court confirmed debtors' first amended chapter 13 plan. The plan provides that debtors will make payments of $1,645 per month for 60 months. Under the plan, debtors will pay off $3,895 in mortgage arrears and retain two vehicles. Debtors' unsecured creditors will receive a total of $1,000.

The trustee's modification was filed because the debtors showed increased income on their 2010 federal tax returns. As filed, the modification seeks to increase debtors' monthly payment from $1,647.09 to $3,773.00 per month. However, in the trustee's supplemental brief, filed March 30, 2011, the trustee states that, based on additional information the she has received from the debtors, she now seeks to increase debtors' payments to $2,528.50.

On February 2, 2011, the debtors filed their amended schedules I and J. The following three aspects of debtors' amended schedule I are disputed. First, the debtors assert that Mr. Woodson's monthly net income is $3,215.36, while the trustee asserts that his monthly net income is $3,527. Second, the debtors assert that Mrs. Woodson's monthly net income from her job at Perry Local Schools is $1,360.17, while the trustee asserts the lesser amount of $1,226.90. Third, the trustee's proposed payment includes the income that Mrs. Woodson formerly received from Marc Glassman, Inc. in the amount of $371.66 per month. The debtors argue that this amount should not be included.

In addition, the following aspects of debtors' amended schedule J are in dispute. First, the debtors claim school fees of $83. As a result, debtors exceed the current IRS standard[1] for "Food, Clothing and other Items" by $83. U.S. Trustee Program, Means Testing, http://www.justice.gov/ust/eo/bapcpa/meanstesting.htm. Second, debtors claim a total of $630 for non-mortgage housing expenses. This amount exceeds the currently applicable IRS[2] standard by $181. Id. This overage is due to debtors' unusually high home maintenance expense of $200 per month. The debtors' home maintenance costs are due to repairs to a water line in the amount

---

[1]The currently applicable IRS standard is $20 higher than the standard that applied on the filing date of the petition. Because the trustee is arguing for the higher amount, the court does not need to determine which standard ought to apply.

[2]The currently applicable IRS standard for non-mortgage housing expenses is also higher than the standard that applied on the petition date.

2

of $169, replacement of a furnace for $2,200 and other home repairs.

## LEGAL STANDARD

The parties in this case devote substantial attention to the facts but don't bother to cite a single case or statute. The parties have a duty to cite the applicable law to the court and explain how the law applies to the facts. Even in routine cases, bankruptcy law is often somewhat complicated, and this matter is no exception. Judicial economy demands that the parties define and narrow the legal issues before the court.

Pursuant to 11 U.S.C. § 1329(a), the trustee has standing to request modification of debtors' plan. The legal standard for modification is the same as the standard for plan confirmation. In re Brown, 219 B.R. 191, 194 (B.A.P. 6th Cir. 1998).

Pursuant to 11 U.S.C. § 1325(b), plan confirmation requires that chapter 13 debtors pay all of their "projected disposable income" into their chapter 13 plans over the applicable commitment period. In calculating projected disposable income, the court begins with debtors' disposable income. Hamilton v. Lanning, 130 S.Ct. 2464, 2475 (U.S. 2010). Subject to certain qualifications not applicable here, disposable income is defined by section 1325(b)(2) as current monthly income minus expenses reasonably necessary for the maintenance and support of debtors and their families. Section 1325(b)(3) provides that, for above median debtors, reasonably necessary expenses are calculated according to the formula provided by 11 U.S.C. § 707(a)(2)(A) and (B). Section 707(a)(2)(A) and (B), in turn, incorporates the IRS National and Local Standards, subject to certain enhancements and exceptions, as the basis for determining the deductions allowed to debtors.

A rebuttable presumption exists that disposable income is the same as projected disposable income. Id. However, in calculating projected disposable income, the court may make upward or downward adjustments "to account for known or virtually certain changes" to debtors' income or expenses. Id. at 2471. Thus, projected disposable income is ultimately a forward-looking concept. Id.

## ANALYSIS

In light of the above, the court now considers the disputed items in debtors' amended schedules I and J and calculates debtors' required plan payment.

*A. Debtors' Income*

    1. Mr. Woodson's Income

Mr. Woodson's final paystub for 2010 is attached to the trustee's brief. To calculate Mr. Woodson's monthly net income, the trustee has subtracted Mr. Woodson's payroll deductions

3

from his annual gross income and divided by twelve to arrive at a monthly net income of $3,527.

By contrast, it appears that debtors have calculated monthly net income by multiplying the net income on one of Mr. Woodson's biweekly pay stubs by 26 (the number of pay periods in a year) and dividing by 12 to arrive at a monthly net income of $3,215.36. Debtors's approach is mistaken because it fails to account for Mr. Woodson's total 2010 profit-sharing income of $2,683.15, which appears on Mr. Woodson's end-of-year pay stub. It is clear from debtor's Statement of Financial Affairs that profit-sharing income is a regular part of Mr. Woodson's pay, and it is well known in the community that Ohio Gratings, Inc. is a profit-sharing company. Accordingly, the court accepts $3,527 as Mr. Woodson's monthly net income because the trustee's calculation more accurately predicts Mr. Woodson's actual income.

### 2. Mrs. Woodson's Income from Perry Local Schools

The trustee contends that Mrs. Woodson's monthly net income from Perry Local Schools is $1,226.90. This amount is supported by the pay stubs filed with the court, which indicate that she is paid $613.45 on a bimonthly basis. Debtors' calculation is inaccurate and appears to be based on a biweekly pay period. Accordingly, the court agrees with the trustee that Mrs. Woodson's monthly net income from her employment at Perry Local Schools is $1,226.90.

### 3. Mrs. Woodson's Income from Marc Glassman, Inc.

The parties have stipulated that Mrs. Woodson has quit her second job. Therefore, it is "virtually certain" that she will no longer be receiving income from Marc Glassman, Inc. Accordingly, the court agrees with debtors that Mrs. Woodson's former income from Marc Glassman, Inc. should not be used in calculating debtors' projected disposable gross income.

*B. Debtors' Expenses*

### 1. School Expenses

The trustee objects to debtors' school expenses. Due to the school expenses, the debtors exceed their IRS allowance for "Food, Clothing and other Items" by $83. In response, the debtors argue that "[w]ith respect to school fees . . . the standard is more elastic than the Trustee would have the Court believe." The debtors do not cite any law to support this proposition.

Debtors are correct that the standard regarding school fees is somewhat elastic. However, debtors have failed to provide the explanation required by section 707(b)(2)(A)(ii)(IV), which states

4

> [D]ebtor's monthly expenses may include the actual expenses for each dependent child less than 18 years of age, not to exceed $1,500 per year per child, to attend a private or public elementary or secondary school *if the debtor provides documentation of such expenses and a detailed explanation of why such expenses are reasonable and necessary* . . . .

(emphasis added). Debtors have provided the court with neither documentation of the educational expense or a detailed explanation as to why it is reasonable and necessary. Accordingly, the court agrees with the trustee that the school expense must be disallowed.

### 2. Non-Mortgage Housing Expenses

The trustee objects to debtors' gas, electric, water and sewer and home maintenance expenses, which exceed the IRS allowance for non-mortgage housing expenses by $189. In response, the debtors argue that "[w]ith respect to . . . home maintenance the standard is more elastic than the Trustee would have the Court believe." Debtors do not cite any law to support this proposition and, once again, the debtors produce no documentation to support their claim that they have unusual home maintenance costs. Accordingly, the court finds that the debtors have not overcome the rebuttable presumption that the IRS Standard applies.

### C. *Calculation of Projected Disposable Income*

For the reasons discussed above, the court agrees with trustee except to the extent that the trustee argues that Mrs. Woodson's income from her former second job should be included in projected disposable income. Accordingly, the court finds that debtors' projected disposable income is $1,941 per month and grants the trustee's modification to the extent that it seeks an increase in payments to $1,941 per month with plan payments to increase upon payoff of debtors' 401(k) loan in an amount equal to the monthly 401(k) loan payment.

An order will issue with this opinion.

\#     \#     \#

**Service List:**

Darryle Dwaine Woodson
512 Lennox Ave SW
Massillon, OH 44646

Melody Lynn Woodson
512 Lennox Ave SW
Massillon, OH 44646

Toby L Rosen
400 W Tuscarawas St
Charter One Bank Bldg
4th Floor
Canton, OH 44702

Edwin H Breyfogle
108 Third St NE
Massillon, OH 44646